**Affirmed and Memorandum Opinion filed July 10, 2025.**



**In The**

# Fifteenth Court of Appeals

_____

**NO. 15-25-00035-CV**

_____

**STEVEN J. STRINGFELLOW, Appellant**

**V.**

**TEXAS COMPTROLLER JUDICIARY SECTION, Appellee**

**On Appeal from the 98th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-009050**

## MEMORANDUM OPINION

This appeal concerns whether the trial court lacked subject-matter jurisdiction over a wrongful-imprisonment-compensation claim. We conclude that the appellant, Steven J. Stringfellow, did not plead facts demonstrating that his claims fall within the scope of Chapter 103's limited waiver of sovereign immunity. Consequently, the trial court did not err in granting the Comptroller's plea to the jurisdiction. We affirm the trial court's order dismissing Stringfellow's suit for lack of jurisdiction.

# BACKGROUND

Chapter 103 of the Texas Civil Practices and Remedies Code (the Act) provides an administrative procedure for persons to obtain monetary compensation from the State for wrongful imprisonment. Tex. Civ. Prac. & Rem. Code §§ 103.001-.154. To be eligible for this compensation, a claimant must prove that he "has served in whole or in part a sentence in prison under the laws of this state" and later received one of three types of relief, as specified under the Act, *see id.* § 103.001(a)(2)(A)-(C), "all of which require a determination of innocence in some form or fashion." *In re Brown*, 614 S.W.3d 712, 716 (Tex. 2020).

To obtain wrongful-imprisonment compensation, the claimant must file an application, along with certain documentary support for the claim, with the Comptroller's Judiciary Section. *See* Tex. Civ. Prac. & Rem. Code § 103.051(a). The Act requires the Comptroller to review the application and determine, within 45 days of the date the application is received, the claimant's eligibility and the amount of compensation owed to an eligible claimant. *Id.* § 103.051(b), (c). This eligibility determination is purely ministerial, turning on whether the submitted application and documents, on their face, clearly indicate that the claimant is entitled to compensation; if not, the Comptroller "shall deny the claim." *Id.* § 103.051(b-1). If the Comptroller denies the claim, the claimant may challenge that denial by filing an action for mandamus relief. *Id.* § 103.051(e). That mandamus action "must be filed in the Texas Supreme Court, as only that court has jurisdiction to issue the writ against the Comptroller." *Ex parte Springsteen*, 506 S.W.3d 789, 794 (Tex. App.— Austin 2016, pet. denied); *see also In re Smith*, 333 S.W.3d 582, 585 (Tex. 2011) (explaining that mandamus action under Chapter 103 must be filed in supreme court).

In 2024, Stringfellow filed suit against the Comptroller in district court to

recover compensation for his allegedly wrongful imprisonment. In his original petition, Stringfellow alleges he was imprisoned for 799 days in Travis County based on falsified testimony and that the original criminal charge against him of aggravated assault was later reduced to a Class A misdemeanor assault, with credit for time served. Thus, according to Stringfellow, he was incarcerated for 434 days over the maximum sentence of one year for the misdemeanor assault charge.

Stringfellow further alleges that although he has filed an application for wrongful-imprisonment compensation with the Comptroller's Judiciary Section, he has not received a response. According to Stringfellow's petition, in December 2022, he mailed an application for wrongful-imprisonment compensation related to his conviction to the Comptroller, as required by the Act. Stringfellow also claims to have mailed two change-of-address forms to the Comptroller's Judiciary Section, as he waited for a decision on his claim. After receiving no response to any of his mailings, Stringfellow attempted to follow up by email. Stringfellow alleges that an email sent from his Gmail account to the Comptroller was returned as undeliverable with a message stating "address not found, undelivered mail returned to sender," along with an error code "550 Invalid recipient (#5.1.1)." Stringfellow attempted to send a similar message from a different email service, but again received the same undeliverable error message. Consequently, Stringfellow states that he is seeking "monetary compensation for the amount of $95,123 USD for wrongful imprisonment . . . due to the Comptroller's Judiciary Section not having processed my application for compensation in a timely fashion." In addition, he seeks an injunction "ordering the Comptroller's Judiciary Section to process my application for compensation for wrongful imprisonment."

The Comptroller responded by filing a combined plea to the jurisdiction and Rule 91a motion to dismiss, arguing that the suit was barred by sovereign immunity. The trial court granted the plea to the jurisdiction and dismissed the case for lack of

jurisdiction. This appeal followed.

## STANDARD OF REVIEW

We review de novo a trial court's ruling on a plea to the jurisdiction. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016). A plea to the jurisdiction "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When, as in this case, a plea challenges the pleadings, we determine whether the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* We construe the pleadings liberally in the plaintiff's favor, take all assertions as true, and look to the plaintiff's intent. *Texas Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020).

Under the doctrine of sovereign immunity, the State of Texas and its agencies are immune from suit and liability, absent a clear and unambiguous waiver by the Legislature. *Nazari v. State*, 561 S.W.3d 495, 500 (Tex. 2018). "Because sovereign immunity implicates a trial court's subject-matter jurisdiction, it is properly asserted in a plea to the jurisdiction." *Christ v. Texas Dep't of Transp.*, 664 S.W.3d 82, 86 (Tex. 2023). When, as in this case, a governmental defendant challenges jurisdiction based on sovereign immunity, the plaintiff's burden to affirmatively demonstrate jurisdiction includes pleading facts that, if true, affirmatively demonstrate that immunity does not apply or has been waived. *Matzen v. McLane*, 659 S.W.3d 381, 388 (Tex. 2021).

## DISCUSSION

Chapter 103 operates as a waiver of sovereign immunity to the extent a claimant seeks to recover wrongful-imprisonment damages through the administrative procedure authorized by the Act. *See Brown v. City of Houston*, 660

4

S.W.3d 749, 759 (Tex. 2023) (answering certified question from the Fifth Circuit) ("[T]he legislature has exercised its constitutional authority to allow the Comptroller to pay compensation despite sovereign immunity and to allow [the Texas Supreme Court] to compel the Comptroller to do so if the law and the record so require."). In other words, the Legislature has limited the waiver of immunity for wrongful-imprisonment claims to only those brought under the administrative process set forth in Chapter 103. *See* Tex. Civ. Prac. & Rem. Code § 103.051. Specifically, the person seeking compensation must first file an application with the Comptroller's Judiciary Section and await the Comptroller's decision. *See id.* § 103.051(a)(1). Although the Comptroller's decision is not reviewable by appeal, an aggrieved claimant may pursue mandamus relief. *Id.* § 103.05(e). This statutory structure vests the Comptroller with exclusive jurisdiction "to make the initial determinations with which Chapter 103 charges him" and "displaces any jurisdiction that the district court might otherwise possess over that subject matter." *Ex parte Springsteen*, 506 S.W.3d at 800; *see also In re Phillips*, 496 S.W.3d 769, 773 (Tex. 2016).

In the present case, Stringfellow's pleadings fail to invoke any waiver of immunity under Chapter 103. In his pleadings, liberally construed, Stringfellow seeks to judicially recover $95,123 in compensation for wrongful imprisonment. Because Chapter 103 does not permit a judicial award of wrongful-imprisonment compensation, this claim falls outside the scope of the Act and, as a result, is barred by sovereign immunity.[1] In addition, to the extent Stringfellow seeks to compel the

---

[1] Chapter 103 previously allowed claimants to seek wrongful-imprisonment compensation through either a lawsuit or an administrative application. *See* Act of May 18, 2001, 77th Leg., R.S., ch. 1488 § 1, 2001 Tex. Gen. Laws 5280, 5281-83 (citing claimants' administrative and judicial remedies under Subchapter B and C). In 2009, the Legislature amended the Act to remove the judicial remedy, such that the sole procedure through which a claimant may now seek wrongful-imprisonment compensation is by filing an application with the Comptroller's Judiciary Section. Act of May 11, 2009, 81st Leg., R.S., ch. 180, § 12(1), (2), 2009 Tex. Gen. Laws 523, 526 (removal of judicial remedy under Subchapter C); *Brown v. City of Houston*, 660 S.W.3d 749, 758 (Tex. 2023) ("Thus, since 2009, the sole vehicle through which claimants may seek

Comptroller to grant his allegedly pending application and to award compensation, we conclude that this claim is premature. Stringfellow's own allegations, taken as true, establish that the Comptroller has not yet denied his application for wrongful-imprisonment compensation. As a result, Stringfellow's claim remains within the Comptroller's exclusive jurisdiction. *See id.*

Moreover, even if the Comptroller had denied his wrongful-imprisonment compensation claim, Stringfellow could not challenge that ruling in district court but would instead be limited to filing a mandamus proceeding in the Texas Supreme Court. *See* Tex. Civ. Prac. & Rem. Code § 103.051(e); *In re Smith*, 333 S.W.3d at 585. Similarly, to the extent Stringfellow seeks to compel the Comptroller to rule on his allegedly pending application, that relief also must be sought in the Texas Supreme Court. *See In re Smith*, 333 S.W.3d at 585 (explaining that "only the Supreme Court may issue a writ of mandamus against . . . the Comptroller" (citing Tex. Const. art. V, § 3; Tex. Gov't Code § 22.002(c); *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 672 (Tex. 1995) (orig. proceeding))). As a result, we conclude that the trial court lacked subject-matter jurisdiction over Stringfellow's claims and that the court's dismissal of his suit was proper.[2]

## CONCLUSION

We affirm the trial court's order granting the Comptroller's plea to the jurisdiction and dismissing Stringfellow's suit.

---

compensation is an administrative application to the Comptroller.").

[2] The trial court also granted, in the alternative, the Comptroller's 91a motion to dismiss. Because we affirm the trial court's dismissal order based on its granting of the Comptroller's plea to the jurisdiction, we need not consider whether dismissal would also be proper under Rule 91a. *See* Tex. R. App. P. 47.1.

/s/ Scott K. Field
Scott K. Field
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.